NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LORETTA BUTERA and GREG HOLDEN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HONEYWELL INTERNATIONAL, INC.,<br><br>Defendant. | Civil Action No: 18-13417-SDW-LDW<br><br>**OPINION**<br><br>April 18, 2019 |

**WIGENTON**, District Judge.

Before this Court is Defendant Honeywell International, Inc.'s ("Honeywell" or "Defendant") Motion to Dismiss Plaintiffs Loretta Butera ("Butera") and Greg Holden's ("Holden") (collectively, "Plaintiffs") First Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Motion to Dismiss is **GRANTED in part** and **DISMISSED AS MOOT in part**.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Defendant Honeywell is a Delaware corporation with a principal place of business in Morristown, New Jersey. (D.E. 9 ¶ 9.) Honeywell is a designer and manufacturer of commercial and consumer products including "sensors, switches, and instruments for measuring temperature,

1

control and metering of gas and electricity." (*Id.* ¶ 10.) Plaintiffs allege that between 2010 through 2012, Honeywell "designed, manufactured, sold, and distributed" gas valves for residential hot water heaters bearing model number WV8840 (the "Valves") "without disclosing to consumers that [the Valves'] plastic temperature sensor ["Sensor"] . . . is defective." (*Id.* ¶ 2.) The Valves were "installed on and sold with gas hot water heaters . . . manufactured and sold under various brand names, including, but not limited to: Bradford White, American Water Heater, Proline, Whirlpool, U.S. Craftsman, Rheem, Kenmore, and A.O. Smith." (*Id*. ¶ 3.) Plaintiffs allege that the Valves are "unsuitable for their intended use in that they prematurely erode or otherwise deteriorate . . . thereby causing water to leak from an affected water heater's Sensor[,]" damaging both the heater and potentially the surrounding premises. (*Id.* ¶¶ 4-5.)

Holden is a citizen and resident of California who purchased a water heater "outfitted with the [Valve] from his local Home Depot in 2012." (*Id.* ¶¶ 8, 42.) Plaintiff does not identify what brand heater he purchased. Six years later, on April 23, 2018, "his water heater began leaking, flooding his garage and resulting in water damage to nearby cabinetry and drywall." (*Id.* ¶ 43.) Plaintiff does not indicate what caused the water heater to leak. Holden contends his water heater could not be repaired and he paid $600.00 to replace it and another $1,400.00 to repair the damage to his property. (*Id.* ¶ 44.)

Butera is a citizen and resident of Tennessee who purchased a water heater from her "local Lowe's in February, 2012." (*Id.* ¶¶ 7, 38.) Plaintiff does not identify what brand heater she purchased. Just over six years later, on March 24, 2018, "her water heater began leaking" from the Valve, flooding her garage and damaging the basement below. (*Id.* ¶ 39.) Butera paid a local plumber $308.00 to repair the water heater and replace the Valve. (*Id.* ¶ 40.) Butera also contends she will incur additional costs to fix the flood damage to her home. (*Id.*)

On August 30, 2018, Plaintiffs filed a putative class action Complaint in this Court. (D.E. 1.) Plaintiffs subsequently filed their First Amended Class Action Complaint (the "FAC") on December 7, 2018 asserting claims for: Violation of the New Jersey Consumer Fraud Act ("NJCFA") (Count One); Breach of Express Warranty (Count Two); Breach of Implied Warranty (Count Three); Negligence (Count Four); Violation of the Magnuson-Moss Warranty Act (Count Five); Unjust Enrichment (Count Six); Strict Product Liability (Count Seven); Violation of the California Unfair Competition Law (Count Eight); and Violations of the Song-Beverly Consumer Warranty Act for Breach of Implied Warranty of Merchantability (Count Nine). (D.E. 9.) Honeywell moved to dismiss on January 18, 2019. (D.E. 14.) Briefing was completed on February 25, 2019.[1] (D.E. 19.)

## II. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."

---

[1] Plaintiffs' opposition brief does not comply with the font size and line spacing requirements of Local Civil Rule 7.2. Plaintiffs are reminded that future failure to adhere to the Local Rules may result in sanctions.

*Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Plaintiffs "alleging fraud must state the circumstances of the alleged fraud[ulent act] with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Park v. M & T Bank Corp.,* Civ. No. 09–02921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010) (citing *Lum v. Bank of Am.,* 361 F.3d 217, 223–24 (3d Cir. 2004)).

### III. DISCUSSION

The first question this Court must address is which state law applies to the claims raised.[2] As a federal court sitting in diversity, this Court applies the choice-of-law rules of New Jersey to determine which state law controls. *See Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S.

---

[2] Because the putative class has not yet been certified, this action is "one between [the named plaintiffs] and the defendants" and must be evaluated as to those particular plaintiffs. *Rolo v. City Investing Co. Liquidating Tr.*, 155 F.3d 644, 659 (3d Cir. 1998).

4

487, 496 (1941); *Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 206 (3d Cir. 2013); *Shapiro v. Logitech, Inc.*, Civ. No. 17-673, 2019 WL 397989, at *6-7 (D.N.J. Jan. 31, 2019). "New Jersey has adopted the [two-part] 'most significant relationship' test set forth in the Restatement (Second) of Conflict of Laws." *Maniscalco*, 709 F.3d at 206 (citing *P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 459-60 (N.J. 2008)). The first step of the inquiry is to determine whether an actual conflict exists. *See Camp Jaycee*, 962 A.2d at 460 (citing *Lebegern v. Forman*, 471 F.3d 424, 430 (3d Cir. 2006)). "That is done by examining the substance of the potentially applicable laws to determine whether 'there is a distinction' between them." *Id.* "If there is not an actual conflict, the inquiry is over and, because New Jersey would apply its own law in such a case, a federal court sitting in diversity must do the same." *Lebegern*, 471 F.3d at 428. "If, however, an actual conflict is found to exist, the inquiry proceeds to the second step." *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 254 (3d Cir. 2010). This second step requires a court to determine "which jurisdiction has the 'most significant relationship' to the claim." *Maniscalco*, 70 F.3d at 207 (internal citation omitted). "To make that determination, courts look to the Second Restatement, which 'provides specific guidance for resolving particular types of cases.'" *Kearney v. Bayerische Motoren Werke Aktiengesellschaft*, Civ. No. 17-13544, 2018 WL 4144683, at *5 (D.N.J. Aug. 29, 2018) (citing *Camp Jaycee*, 962 A.2d at 458). This Court applies this test to each count of the FAC in turn.

 A. <u>Fraud and Misrepresentation (Count One – NJCFA)</u>

To bring a successful claim under the NJCFA, N.J. Stat. Ann. § 56:8–2 (West 2019), a plaintiff must prove: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Majdipour v. Jaguar Land Rover N. Am., LLC*, Civ. No. 12-7829, 2013 WL 5574626, at *7 (D.N.J. Oct. 9,

5

2013) (citing *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009)).  The NJCFA does not require that "a consumer has actually relied on a prohibited act in order to recover." *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 929 A.2d 1076, 1087 (N.J. 2007).  Rather, instead of "the traditional reliance element of fraud and misrepresentation," the NJCFA "require[s] that plaintiffs demonstrate that they have sustained an ascertainable loss."  *Id.* at 1087-88.

    1. *The NJCFA conflicts with California law*

Courts in this District have consistently held that the NJCFA conflicts with California's consumer-fraud statutes, which do require a showing of reliance.  *See Shapiro*, 2019 WL 397989 at *7 (noting that "courts in this District have recognized that the NJCFA materially conflicts with the consumer protection statutes of California"); *Kearney*, 2018 WL 4144683 at *8; *Gray v. BMW N. Am., LLC*, 22 F. Supp. 3d 373, 380 (D.N.J. 2014); *Majdipour*, 2013 WL 5574626 at *7 (comparing the provisions of the NJCFA with California's Consumer Legal Remedies Act "CLRA" and Unfair Competition Law "UCL" and finding that the substance of the laws conflict); *Feldman v. Mercedes-Benz USA, LLC*, Civ. No. 11-984, 2012 WL 6596830, at *6 (D.N.J. Dec. 18, 2012).  Because there is an actual conflict between New Jersey and California law, this Court must next determine which state has the "most significant relationship" to the claims at issue.  Because this claim sounds in fraud or misrepresentation, this Court "applies the conflict of laws analysis of Section 148."  *Shapiro*, 2019 WL 397989 at *7 (citing Restatement (Second) of Conflict of Laws § 148 (1971)).  The Restatement requires an analysis of the following six factors:

  (a) the place, or places where the plaintiff acted in reliance upon the defendant's representations,
  (b) the place where the plaintiff received the representations,
  (c) the place where the defendant made the representations,

(d) the domicile, residence, nationality, place of incorporation and place of business of the parties,
(e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and
(f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

*Grandalski v. Quest Diagnostics, Inc.*, 767 F.3d 175, 181 (3d Cir. 2014) (quoting Restatement (Second) of Conflict of Laws § 148(2)).  Here, three of the factors - (a), (b), and (e) - weigh in favor of California as Holden purchased the hot water heater in California, received and relied upon any representations made about the product in that state, and the hot water heater was located in California at the time of the events in question.  Factor (d) is neutral as Plaintiff resides in California and Honeywell is based in New Jersey.  Factor (f) is irrelevant.  Factor (c) alone weighs in favor of New Jersey, as Honeywell's principal place of business is in that state. (D.E. 9 ¶ 9.)[3]  The case law is clear, however, "that this single contact  - factor (c) -  does not warrant applying New Jersey law." *Maniscalco*, 709 F.3d at 208 (finding that New Jersey law should not apply where, as here, the only connection to New Jersey was the "fortuitous location of" a company's headquarters).  Weighing the balance of factors, it is clear that California law will apply to Holden's fraud and misrepresentation claims; therefore, Holden's claim under the NJFCA (Count One) shall be dismissed.

Plaintiffs do, however, also assert a claim under the UCL (Count Eight), which this Court may now review for sufficiency under Federal Rule of Civil Procedure 12(b)(6) and 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (recognizing that "Rule 9(b)'s

---

[3] Plaintiffs argue in their opposition papers that Honeywell also "designed, manufactured, and tested" the Valves in New Jersey and that the alleged "misrepresentations emanated" from that state as well. (D.E. 18 at 3-4.) However, those facts are not contained in the FAC, which pleads only that Honeywell's principal place of business is located in New Jersey.

7

heightened pleading standards apply to claims for violations of the . . . UCL"); *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 937 (C.D. Cal. 2012) (noting that UCL claims "sound in fraud, and are therefore subject to the heightened pleading requirement of Rule 9(b)"). Here, Plaintiffs generally allege that Defendant "failed to disclose its knowledge of the Defect at the point of sale" and that Defendant "knowingly concealed that the [Valves] suffered from [a] Defect which caused them to fail before their anticipated useful life." (D.E. 9 ¶¶ 143-44.) A claim for failure to disclose pursuant to the UCL must show: "(1) the existence of a design defect; (2) the existence of an unreasonable safety hazard; (3) a causal connection between the alleged defect and the alleged safety hazard; and [(4)] that the manufacturer knew of the defect at the time a sale was made." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1025 (9th Cir. 2017) (citations omitted); *see also Afzal v. BMW of N. Am., LLC*, Civ. No. 15-8009, 2016 WL 6126913, at *8 (D.N.J. Oct. 17, 2016).

Here, the FAC fails to plead facts sufficient to sustain a UCL claim. First, the FAC pleads only that "Honeywell knew or should have known that the [Valves] contained the Defect" (D.E. 9 ¶ 18), but does not identify who allegedly knew or should have known of the alleged defect, when they came into possession of that knowledge, or how they knew it. This is not enough under Rule 9(b). Rule 9(b)'s particularity requirement demands that plaintiffs "plead 'the who, what, when, where, and how: the first paragraph of any newspaper story." *Riachi v. Prometheus Grp.*, Civ. No. 17-811, 2017 WL 2438838, at *3 (D.N.J. June 6, 2017) (citing *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999)). This alone is fatal to Plaintiffs' UCL claim; therefore, Count Eight will be dismissed, but this Court will grant Plaintiffs leave to amend the FAC.

2. *The NJCFA conflicts with Tennessee law*

The NJCFA also conflicts with Tennessee consumer protection laws. As noted by the Sixth Circuit,

> [T]he [Tennesee Products Liability Act ("TPLA")] governs products liability actions in Tennessee and defines "product liability actions" as "all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packing, or labeling of any product." The TPLA also encompasses several different theories of products liability: "strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation, concealment, or nondisclosure, whether negligent or innocent; or under any other substantive legal theory in tort or contract whatsoever.

*Strayhorn v. Wyeth Pharm., Inc.,* 737 F.3d 378, 392, 402 (6th Cir. 2013) (internal citation and quotation marks omitted) (noting that '[t]he TPLA's definition of 'product liability action' has been interpreted broadly"). Claims brought under the TPLA are subject to a "unique statute of repose, under which all product liability actions 'must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration date of the anticipated life of the product, whichever is the shorter.'" *Wahl v. General Elec. Co.*, 983 F. Supp. 2d 937, 944 (M.D. Tenn. 2013) (quoting *Penley v. Honda Motor Co., Ltd.*, 31 S.W.3d 181, 183 (Tenn. 2000)). The NJFCA, in contrast, is subject to a six-year statute of limitations. *See Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 304 (D.N.J. 2009). Therefore, an actual conflict exists between New Jersey and Tennessee law. For the same reasons that California has the most significant relationship to Holden's claims, Tennessee has the most significant contacts with Butera's claims. Therefore, Tennessee law applies and Butera's claim under the NJFCA (Count One) shall be dismissed.

In addition, because the TPLA subsumes all products liability actions in Tennessee, Butera's claims for breach of express warranty (Count Two), breach of implied warranty (Count Three), negligence (Count Four), unjust enrichment (Count Six), and strict liability (Count Seven), must all be dismissed.[4] This Court will grant Plaintiffs leave to amend the FAC in order to assert a claim under the TPLA. *See, e.g.*, *Meadow v. Nibco, Inc.*, Civ. No. 15-1124, 2016 WL 2986350, at *1 (M.D. Tenn. May 24, 2016) (granting motion to dismiss tort and warranty claims for failure to assert them under the TPLA, and granting plaintiff permission to file an amended complaint asserting all his "various theories under a single TPLA claim"); *Cole v. NIBCO, Inc.*, Civ. No. 13-7871, 2015 WL 2414740, at *7 (D.N.J. May 20, 2015) (noting that where plaintiffs' claims "sound[ed] in products liability" they must be brought pursuant to the TPLA and granting plaintiffs "leave to re-plead their claims as a single claim under the TPLA").

B. Common Law Claims

As to Holden's remaining claims for breach of express warranty (Count Two), breach of implied warranty (Count Three), negligence (Count Four), unjust enrichment (Count Six), and strict liability (Count Seven), the FAC is silent as to which state law applies. Defendant, who bears the burden of showing a conflict, abandons any rigorous conflict-of-law analysis, and asserts only that "the state where the injury occurs is presumed to govern" and, therefore, this Court "should apply California law" to these claims. (D.E. 14-4 at 11 (citing *Smith*, 2011 WL 2119100 at *3).) In so doing, however, Defendant fails to first address whether there is an actual

---

[4] So too must Count Five, which asserts a claim under the Magnusson-Moss Warranty Act ("MMWA"). To state a claim under the MMWA, a plaintiff must first adequately plead a claim for breach of express warranty. *Cooper v. Samsung Elecs. Am., Inc.*, Civ. No. 07-3853, 2008 WL 4513924, at *6 (D.N.J. Sept. 30, 2008) (dismissing MMWA claim where state law warranty claim had already been dismissed, noting that MMWA claims are "dependent on state law claims").

conflict between New Jersey and California state law. Although Plaintiffs argue that Defendant's presumption that California law applies is "premature," (D.E. 18 at 7), Plaintiffs' opposition does little to clarify the issue, choosing instead to focus on the sufficiency of Plaintiffs' pleading under California law. Generally, where a defendant fails to meet their burden of demonstrating a conflict, a court applies the law of the forum state. *See Geli v. Bayerische Motoren Werke Aktiensgesellschaft*, Civ. No. 17-7386, 2018 WL 6804506, at *4 (D.N.J. Oct. 30, 2018) (noting that the court is not obligated "to do [defendant's] work for them and engage in this analysis itself") (internal citation omitted). However, given that neither party's briefs address the substance of New Jersey law as it relates to the remaining claims, and given that this Court is granting Plaintiffs the opportunity to amend the FAC, this Court will dismiss the remainder of Defendant's motion as moot.[5]

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED in part** and **DISMISED AS MOOT** in part. Plaintiffs shall have thirty (30) days to file a Second Amended Complaint.[6] An appropriate order follows.

                                              ___/s/ Susan D. Wigenton_____
                                              **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
               Parties

---

[5] This Court can make no determination as to the propriety of Holden's MMWA claim (Count Five) absent a determination as to his underlying state law warranty claim. *See Davidson v. Apple, Inc.*, Civ. No. 16-4942, 2017 WL 976048, at *15 (N.D. Cal. Mar. 14, 2017) (noting that "claims under the [MMWA] stand or fall with express and implied warranty claims under state law") (internal citations omitted). Additionally, were this Court to reach Count Nine (Song-Beverly Act), it would likely be dismissed pursuant to the act's statute of limitations. *Rodarte v. Ford Motor Co.*, Civ. No. 18-10499, 2019 WL 1100150, at *5 (C.D. Cal. Mar. 7, 2019)

[6] Should Defendant move to dismiss the Second Amended Complaint, Defendant is advised to present a complete conflict of laws analysis.